# Court of Appeals
## Tenth Appellate District of Texas

10-25-00270-CR

Jonathan Edward Norton,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
443rd District Court of Ellis County, Texas
Judge Grace Pandithurai, presiding
Trial Court Cause No. 48812CR

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Jonathan Edward Norton pled guilty to assault family violence by impeding breath. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). Pursuant to a plea agreement, the trial court suspended his ten-year prison sentence and placed him on community supervision for four years. The State subsequently filed a motion to revoke Norton's community supervision. Norton pled "true" to each allegation and requested that the trial court assess his punishment.

After a hearing, the trial court sentenced Norton to six years in prison. In two issues on appeal, Norton asserts that his sentence is grossly disproportionate in violation of the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. We affirm.

DISCUSSION

In his first issue, Norton contends that his sentence is grossly disproportionate in violation of the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII. He presents the same complaint in his second issue, but asserts a violation of article I, section 13 of the Texas Constitution. *See* TEX. CONST. art. I, § 13.

A disproportionate-sentence claim must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including the right to be free from cruel and unusual punishment, may be waived); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

Norton did not assert his disproportionate-sentence claims when the trial court imposed his sentence. He also failed to raise his claims through a motion for new trial or other post-trial objection. Therefore, we conclude that Norton did not preserve his disproportionate-sentence complaints for review. *See* TEX. R. APP. P. 33.1(a)(1); *Rhoades*, 934 S.W.2d at 120; *see also Noland*, 264 S.W.3d at 151.

Accordingly we overrule Norton's first and second issues on appeal.

## Conclusion

Having overruled all of Norton's issues on appeal, we affirm the trial court's judgment.

STEVE SMITH
Justice

OPINION DELIVERED and FILED: May 21, 2026

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
Do Not Publish
CR25

